UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANNESSA LEWIS,                                        :
                                                     :
    Plaintiff,                              :
                                                     :
        v.                            :        Case No. 1:14-cv-205
                                                     :
BELLOWS FALLS CONGREGATION OF                        :
JEHOVAH'S WITNESSES, BELLOWS                          :
FALLS, VERMONT, INC.; WATCHTOWER                      :
BIBLE AND TRACT SOCIETY OF NEW                        :
YORK, INC.; and NORTON TRUE,                          :
                                                     :
    Defendants.                             :
_____:


MEMORANDUM AND ORDER ON MOTION TO PHASE DISCOVERY
(Doc. 34)

The Court assumes familiarity with the background of the case. See Docs. 15, 35.

Defendants Bellows Falls Congregation of Jehovah's Witnesses, Bellows Falls, Vermont, Inc. (the

"Congregation") and the Watchtower Bible and Tract Society of New York ("Watchtower")

anticipate discovery will reveal the statute of limitations bars Lewis's claim, and therefore move the

Court under Fed. R. Civ. P. 26(f)(3)(B) to order phased discovery focusing first on the statute of

limitations issue. (Doc. 34, 37.) Plaintiff Annessa Lewis opposes the motion. (Doc. 36.)

"A district court has broad discretion to manage pre-trial discovery." McCain v. Buffalo

Wild Wings, No. 1:11-cv-143, 2013 WL 6825098, at *3 (D. Vt. Dec. 23, 2013) (citing Wood v. FBI,

432 F.3d 78, 84 (2d Cir. 2005)). Rule 26(f)(3)(B) permits that discovery "be conducted in phases or

be limited to or focused on particular issues." Fed. R. Civ. P. 26(f)(3)(B). In Axler v. Sci. Ecology

Grp., Inc., No. 98-10161, 1999 WL 1209512 (D. Mass. May 21, 1999), a securities fraud case, the

court ordered "phased discovery, confined initially to the statute of limitations issue" because the

date on which the statute of limitations began to run was appropriately determined on a motion for

summary judgment.  Id. at *5.  Other courts have similarly limited early discovery to statute of limitations issues when it appeared likely the case could be ended.  See, e.g., Freier v. Westinghouse Elec. Corp., 303 F.3d 176, 184 (2d Cir. 2002) (discovery limited to statute of limitations issues by trial court); Morton v. Nat'l Med. Enters., Inc., 725 A.2d 462, 464-65 (D.C. 1999) (trial court limited discovery to statute of limitations issues for plaintiffs whose claims were facially time-barred).

Child sex abuse cases in Vermont are not typically resolved on statute of limitations grounds at summary judgment because the accrual date for the statute of limitations in such a case is often a jury issue.  See Turner v. Roman Catholic Diocese of Burlington, Vt., 186 Vt. 396, 427-28, 987 A.2d 960, 982-83 (2009) (finding the accrual date for the statute of limitations in a church sex abuse case was a question for the jury).  The parties agree the statute of limitations applicable to Lewis's action based on childhood sexual abuse commenced "within six years . . . of the time the victim discovered that the injury or condition was caused by the act."  12 V.S.A. § 522(a).  Thus, in Lewis's case the "statute of limitations beg[an] to run upon the discovery of the link between the sexual abuse and the latent injuries," not upon merely receiving notice abuse occurred.  Shovah v. Mercure, 44 F. Supp. 3d 504, 511 (D. Vt. 2014).  The Vermont Supreme Court has "repeatedly and consistently emphasized that the question of when an injury reasonably should have been discovered is one of fact to be determined by the jury."  Clark v. Abate, 194 Vt. 294, 299, 80 A.3d 578, 581 (2013) (internal quotations omitted).  Accordingly, "the court rather than the jury may determine the accrual-date issue only when there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on that issue."  Id.

Phased discovery is unlikely to enable efficient litigation in this case.  Under Vermont law, the Congregation and Watchtower will probably face difficulty in showing no genuine issue of material fact exists regarding the start of the limitations period.  See, e.g., Colomb v. Roman

Catholic Diocese of Burlington, Vt., Inc., No. 2:10-cv-254, 2012 WL 4479758, at *3 (D. Vt. Sept. 28, 2012) (denying summary judgment on statute of limitations grounds because issue of material fact existed when plaintiff testified he had a "moment of clarity" the previous year connecting lack of trust, anxiety, and drug abuse to childhood sexual abuse). In reply, the Congregation and Watchtower argue that because Lewis's initial disclosures indicate she saw multiple therapists starting in 1996, she "cannot plausibly claim that she did not know of the alleged injury or the Defendants' potential liability until six years prior to filing her Complaint." (Doc. 37, at 3.) The excerpts from the initial disclosures, however, give no indication Lewis discovered any injury or condition stemming from the abuse at that time. See Doc. 37-2 at 6 (psychologist's records of 1996 interviews with Lewis indicated only that she was "very quiet" when questioned about reports of inappropriate touching); id. at 11 (therapist advised that Lewis and her siblings' "interaction seemed quite normal"). The statute of limitations issue is when Lewis discovered the "link between the sexual abuse and the latent injuries," Shovah, 44 F. Supp. 3d at 511, and the relevant cases indicate the date of that discovery is likely to remain a disputed fact following discovery.[1] If an early motion

---

[1] As the Congregation and Watchtower point out, a Vermont court has in one instance granted summary judgment based on 12 V.S.A. § 522. See Tuepker v. Roman Catholic Diocese of Burlington, Vt. Inc., et al., Docket No. S0578-08 CnC, at 9 (Vt. Super Ct. June 23, 2011) (Toor, J.) (granting summary judgment on statute of limitations grounds when "[t]he record [was] clear that by [a date more than six years before filing] [plaintiff] understood that he was suffering psychological harm as a result of the abuse"). The Congregation and Watchtower also cite Rodrigue v. VALCO Enters., Inc., 169 Vt. 539, 726 A.2d 61 (1999), a case addressing the statute of limitations for a dram shop act claim. Rodrigue is applicable to the extent it held that where "there is no dispute as to what material facts plaintiff was aware of," and those facts are "sufficient, as a matter of law, for the plaintiff's . . . claim to accrue," a court may grant summary judgment on statute of limitations grounds. Id. at 541. Though it is conceivable no disputed issue of material fat would remain following discovery, as previously stated, the Vermont Supreme Court has "repeatedly and consistently emphasized that the question of when an injury reasonably should have been discovered is one of fact to be determined by the jury." Clark, 194 Vt. at 299, 80 A.3d at 581.

for summary judgment were unsuccessful, phased discovery will have multiplied the number of depositions to be taken, increasing discovery burdens and delaying the case's ultimate resolution.

Accordingly, the Motion to Phase Discovery (Doc. 34) is DENIED.  The current proposed discovery schedule (Doc. 31) requires completion of depositions of non-expert witnesses by August 24, 2015.  Following Lewis's deposition, the Congregation and Watchtower should have a better idea of when she connected her injuries to the alleged sexual abuse.  As Lewis concedes, it is conceivable an early and meritorious summary judgment motion based on the statute of limitations will follow.[2]  (Doc. 36, at 3.)  At this time, however, the parties should proceed with all discovery.  Consistent with the foregoing, the Court adopts the pending Stipulated Discovery Schedule/Order (Doc. 31).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of July, 2015.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

---

[2] In fact, Lewis has so far alleged no specific facts suggesting her case was timely filed, and her case is "facially barred" by the six-year statute of limitations.  Morton, 725 A.2d at 465.