UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ANNESSA LEWIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 1:14-cv-205 |
| | : |
| BELLOWS FALLS CONGREGATION OF | : |
| JEHOVAH'S WITNESSES, BELLOWS | : |
| FALLS, VERMONT, INC.; WATCHTOWER | : |
| BIBLE AND TRACT SOCIETY OF NEW | : |
| YORK, INC.; and NORTON TRUE, | : |
| | : |
| Defendants. | : |
| _____ | : |

SUPPLEMENTAL ORDER REGARDING DEFENDANT
BELLOWS FALLS CONGREGATION OF JEHOVAH'S WITNESSES,
BELLOWS FALLS, VERMONT, INC.'S
MOTION TO COMPEL OVERDUE DISCOVERY RESPONSES

Defendant Bellows Falls Congregation of Jehovah's Witnesses, Bellows Falls, Vermont, Inc. (the "Congregation") moved to compel overdue discovery responses from Plaintiff Annessa Lewis ("Lewis" or Plaintiff). (Doc. 110.) Following a January 5, 2016 hearing on pending discovery motions, the Court granted the motion ordering Lewis to provide her Facebook page contents to the Congregation or to the Court for in camera review. If the materials were not produced, the Court ordered the parties to brief the discoverability of the Facebook account information. Dkt. Entry No. 127. The dispute centers on whether Lewis's entire Facebook account is relevant to a claim or defense in the case. Lewis did not produce her Facebook account information to the Congregation, and the parties submitted the additional briefing as requested. (Docs. 140, 152.) Lewis subsequently filed a rebuttal memorandum (Doc. 146), and the Congregation filed a reply (Doc. 150).

The claims remaining in this diversity action against the Congregation, following motions to dismiss, are for negligence based on a duty (1) to perform an undertaking and (2) to supervise. (Doc. 35.)  Lewis seeks damages for past and continuing "great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life," spiritual suffering, loss of earnings and earning capacity, and expenses for medical and psychological treatment, therapy, and counseling, as well as for being and continuing "to be prevented from performing [her] daily activities and obtaining the full enjoyment of life."  (Doc. 20 ("Am. Compl.") ¶¶ 92, 107.)

The Congregation argues the entire account, whether public or private, consisting of Lewis's profile, posts, and photos, should be produced.  It argues that by claiming "severe, life-changing, permanent, emotional damages" stemming from the alleged event, Lewis "has placed her physical, mental, and emotional conditions directly at issue in this case." (Doc. 152 at 4.)  The Facebook information, it asserts, is persuasive evidence of her physical, mental, and emotional state from 2008 to the present and, therefore, "highly relevant and material" to her claim she suffered a loss of enjoyment of life.  Id.

Lewis argues Defendants are not entitled to discovery of the entire content of her Facebook account as they have failed to establish the entirety contains information relevant to any party's claim or defense, that the request is proportional to the needs of the case, or that the invasion of privacy is justified.  Lewis states she has already produced all relevant communications from her Facebook account.  (Docs. 140 at 1, 146 at 5.)  She asserts the request for the entire contents of the account is based on speculation and "nothing more than a fishing expedition."  (Doc. 140 at 1-2.) She concludes the request is beyond the scope permitted by Rule 26(b)(1) because it seeks irrelevant

information and the burden imposed on her private life is not proportionate to the needs of the case.

The Vermont and federal rules regarding the scope and limits of discovery are similar: parties may obtain discovery of non-privileged matters relevant to any party's claim or defense. Compare Vt. R. Civ. P. 26(b)(1) with Fed. R. Civ. P. 26(b). The federal rule was recently revised to include the requirement that the discovery be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The considerations underlying that determination[1] were transferred from Rule 26(b)(2)(C)(iii) to Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

The Second Circuit Court of Appeals has recognized, while there is a reasonable expectation of privacy of materials located on a person's home computer, an expectation of privacy is not legitimate with regard to sent e-mails or other internet transmissions. United States v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004). Though Lewis limited viewing of her Facebook postings to her "Friends," (Doc. 140-2 (Lewis Aff.) ¶ 8) which may reflect her intent to preserve information as private, she had no justifiable expectation they would keep them private.[2] See United States v. Meregildo, No. 11 Cr. 576, 2012 WL 3264501, at *2 (S.D.N.Y. Aug. 10, 2012). While privacy interests are important and deserving of protection:

> it would be unfair [] to permit a plaintiff claiming emotional distress to block discovery of facts that may shed important light on whether any emotional distress

---

[1] "[C]onsidering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (previously at Fed. R. Civ. P. 26(b)(2)(C)(iii)).

[2] At the time of downloading, Lewis had over 200 Facebook "Friends" and over fifty former "Friends," i.e., people removed from her group of "Friends."

>actually was suffered, whether any emotional distress that did occur had a serious impact on the plaintiff's life, and whether any emotional distress was attributable, either in whole or in part, to circumstances other than the alleged conduct of the defendant."

Zakrzewska v. New School, No. 06 Civ. 5463, 2008 WL 126594, at *2 (S.D.N.Y. Jan. 7, 2008). The Congregation's need for access to the information outweighs the privacy concern raised by Lewis because "[i]t would be unfair to allow [her] to make allegations of emotional distress . . . and then deny defendants access to circumstantial evidence that offers a reasonable prospect of corroborating or undermining her claims." Zakrzewska, 2008 WL 126594, at *3.

As Lewis's claims to damages include her emotional distress, loss of enjoyment of life, and prevention from performing daily activities, the Court finds discovery of information within her Facebook account bearing on these claims and the Congregation's defense of them is proportional to the needs of the case. Accordingly, taking into account the listed considerations, discovery of information within Lewis's Facebook account is not beyond the scope of Rule 26(b)(1).

The Court, however, is not persuaded unfettered access to Lewis's Facebook account is warranted "simply because Plaintiff has a claim for emotional distress damages." See Giacchetto v. Patchogue-Medford Union Free Sch. Dist., 293 F.R.D. 112, 116 (E.D.N.Y. 2013). Not every message, post, or photo is relevant to her claims or Defendants' defenses. Accordingly, the Congregation's request for complete disclosure of Lewis's Facebook profile, posts, and photos is denied.

The Court notes Plaintiff has produced 51 pages from her Facebook account that her counsel believes includes "everything Defendants are entitled to receive pursuant to their discovery requests." (Doc. 140-1 ¶¶ 3, 11.) Upon a cursory review of the 7,089 pages of Lewis's account submitted to the Court for in camera review (which did not include photos and videos), the Court is not persuaded the production was adequate. For example, a search for the word "Norton," the first

4

name of the Ministerial Servant of the Jehovah's Witness Church Lewis alleges sexually abused her when she was a child, and the subject of her negligence claims against the Congregation for failure to perform an undertaking and to supervise, returns over fifty pages of materials from just the "Messages" section of Lewis's Facebook account.  Perhaps this discrepancy is explained by Plaintiff's counsel's statement that the production consisted of "screenshots" from the account rather than pages from the download provided to the Court.  Her counsel asserted he was in the process of "going through" the downloaded account and "will produce to Defendants the more complete wording that the screenshot method did not permit.  This should resolve any issues or concerns as to the completeness or accuracy of what Plaintiff's counsel has produced to date from Plaintiff's Facebook account."  (Doc. 140 at 4 n.1.)  Three days later, in Lewis's rebuttal memorandum, she stated she has provided all information to which Defendants are entitled under Rule 26.  (Doc. 146 at 5, 10.)

To ensure all relevant material from Lewis's Facebook account is produced, the Court orders the following:

Plaintiff's counsel shall review Lewis's entire Facebook account, including messages, photos, videos, and posts, to determine relevance of the material, keeping in mind the broad scope of discovery contemplated by Rule 26.  Categories of relevant material include:  (1) references to sexual or other abuse of Lewis; (2) references to emotional distress or mental health of Lewis; (3) references to treatment Lewis received; (4) references to any alternative potential stressor to Lewis; (5) references that reveal, refer or relate to <u>any</u> emotion, feeling or mental state of Lewis; (6) photographs or videos uploaded by Lewis, or by third parties to her account, depicting Lewis or her activities; and (7) references to any of the Defendants, including Jehovah's Witnesses generally, or events alleged in the Amended Complaint.

Review and production of all relevant material shall be completed by March 11, 2016.

The materials produced shall not be redacted. Review and copying of Lewis's Facebook materials produced shall be limited to Defendants' counsel and be maintained in confidence and used solely for the purpose of the litigation.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of February, 2016.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge